## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Amazon Produce Network, L.L.C.** | : | **CIVIL ACTION** |
| **Vineland, NJ** | : | |
| | : | |
| vs. | : | |
| | : | **NO.** |
| **Mediterranean Shipping Company S.A. Geneva** | : | |
| **a/k/a Mediterranean Shipping Company (USA) Inc.** | : | |
| **420 Fifth Avenue** | : | |
| **New York, NY 10018-2702** | : | |

### COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1.  Amazon Produce Network, L.L.C. is a corporation with an office and place of business located in Vineland, New Jersey.

2.  Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of Philadelphia.

3.  Defendant, Mediterranean Shipping Company S.A. Geneva a/k/a Mediterranean Shipping Company (USA) Inc. (hereinafter "Mediterranean") is, on information and belief, a foreign corporation with an office and place of business located New York.  At all times material hereto, Mediterranean was the owner, charterer and/or operator of the vessel involved in this shipment.

4.  The vessels owned and/or operated by the above defendant have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and are subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5. Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

### Jurisdiction and Venue

6. Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendant under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1331 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

7. Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

### COUNT I

8. In or about January of 2016, in Paita, Peru, 5,544 boxes of mangoes consigned to plaintiff were delivered in good order and condition aboard the M/V HANSA AUSTRALIA for transportation to Philadelphia and delivered to the vessel in Peru in like good order and condition.

9. In or about January of 2016, the aforesaid shipment was loaded aboard said vessel and clean on-board bill of lading numbered MSCUL3711029 for container numbered SZLU9010569 was issued by Mediterranean acknowledging receipt on the vessel of the said shipment in good order and condition.

10. The goods were transhipped from the M/V HANSA AUSTRALIA onto the M/V JUIST TRADER.

11. Thereafter, various goods were delivered by the above named defendant to plaintiff, whereupon it was discovered that plaintiff's goods were not in like good order and condition as when received aboard the M/V HANSA AUSTRALIA, but were instead damaged, deteriorated in value and unfit for sale or use.

12. The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

13. By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by them and the breaches of these defendants and their obligations as common carriers of goods, plaintiff has sustained damage and loss in an amount in excess of Seventeen Thousand Dollars ($17,000.00).

14. The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the above named vessel and the negligence of the above-named defendant, its agents, servants and employees in:

    a. failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

    b. failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

    c. failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.      failing to use proper care under the circumstances;

      e.      failing to provide the proper and requested temperature to the cargo; and

      f.      other and further particulars which will be shown at the time of trial.

15.    By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessels has suffered damages and loss in excess of Seventeen Thousand Dollars ($17,000.00).

16.    Notice of claim and claim have been filed with the defendant, but it has failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

17.    All of the singular facts and matters set forth herein are true and within the jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.    Process in the due form of law, according to the practice of this Court issue against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2.    If the defendant cannot be found within this District, then all goods, chattels and equipment in the possession of any person, partnership or corporation owned by it or any vessels owned or operated by it or any equipment, storage or gear on any vessel be attached by process of attachment as provided in the admiralty Rules in the amount of Seventeen Thousand Dollars ($17,000.00).

3.    Process of attachment in any form of law according to the practice of this Honorable Court in cases of admiralty jurisdiction issue against the above named vessel, its engines, machinery, tackle, apparel, etc., and that all persons claiming interest in and to said vessel be cited

to appear and answer under oath all and singular the matters aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid with interest and costs.

    4.    Judgment be entered on behalf of plaintiff and against the defendant plus interest and costs of this action.

    5.    Plaintiff has such other and further relief in the premises and in law and justice as it may be entitled to receive.

> DUGAN, BRINKMANN, MAGINNIS AND PACE
>
> BY:   EM871
> Eugene J. Maginnis, Jr., Esquire
> 1880 John F. Kennedy Boulevard
> Suite 1400
> Philadelphia, PA 19103
> (215) 563-3500
> ATTORNEY FOR PLAINTIFF

Dated: September 16, 2016